TORRUELLA *v.* VÁZQUEZ ET AL.

## APPEAL from the District Court of Ponce.

No. 498.—Decided May 24, 1910.

CONTAGIOUS DISEASES OF ANIMALS—DESTRUCTION OF HORSE SUFFERING FROM GLANDERS—ACTION TO RECOVER DAMAGES.—It not having been shown by the evidence that the defendant supervisor of health acted illegally or negligently, but that, on the contrary, acting upon the report of the veterinary and· with the haste required in such cases in compliance with the duties imposed upon him by the Law of July 1, 1907, relating to contagious diseases of animals, ordered the destruction of a horse suffering from glanders, an action for damages brought by the plaintiff, alleging that the horse was illegally killed, cannot be successfully prosecuted.

ID.—ORDER OF SUPERVISOR OF HEALTH TO KILL A HORSE SUFFERING FROM GLANDERS—SUFFICIENT NOTICE.—It having been shown in the case at bar that the veterinary inspector verbally notified the person in whose possession he found the horse that the animal would be killed, and also having notified plaintiff's brother, whom he believed in good faith to be the legal owner of the horse, such notice must be deemed sufficient, inasmuch as the law does not require any special form of notice.

ID.—PROCEDURE FOLLOWED BY VETERINARY INSPECTOR—CONFLICTING EVIDENCE AS TO THE OBSERVANCE OF SCIENTIFIC RULES.—Although the evidence shows that the veterinary inspector did not proceed with the proper care and did not follow all the scientific rules for the application of the Mallein test, inasmuch as the evidence in regard to whether or not the horse was suffering from glanders, and as to whether or not the other horse died as the result of negligence on the part of the defendants and in consequence of the experiment made upon him is conflicting and was considered by the court, as may be seen from the judgment, was decided in the affirmative in the first case and in the negative in the second case, and it not having been shown that in so doing the court was actuated either by passion, prejudice, or partiality, this court would not be justified in reversing the judgment appealed from.

ID.—ADMISSION OF EVIDENCE—NOTICE TO THE BROTHER OF THE OWNER OF THE HORSE IN THE BELIEF THAT HE WAS THE OWNER.—It was not error for the court to make a ruling allowing the veterinary inspector to testify, in spite of the objection of the plaintiff, that he had notified the brother of the man who owned the horse of the order to kill the animal, because he believed in good faith that his brother was the owner; but even supposing that the ruling was erroneous, the judgment appealed from would not be reversed on that account, because it would be sufficient to show, as it was shown, that the inspector had notified the person in possession of the animal, in compliance with the law.

The facts are stated in the opinion.

*Mr. José A. Poventud* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

Mr. Justice del Toro delivered the opinion of the court.

The appellant, Sergio Torruella, brought an action in the District Court of Ponce against Tomás Vázquez, supervisor of health, and Elías P. Fernández, veterinary inspector, to recover damages in the sum of $1,000. In support of his claim he alleged that Fernández, acting under the negligent, illegal and unfounded orders of Vázquez and suspecting, without any ground therefor and in a negligent, careless and illegal manner, that a horse belonging to the plaintiff was suffering from glanders, he had it killed, while as a matter of fact, said horse was in good health; and, under the same circumstances, he applied the Mallein test to another horse, after which he returned it as healthy, but, about 9 or 10 days subsequent to the application of said test, the horse died in consequence of the experiment. And the plaintiff further alleged that neither he, as owner, nor the possessor of the animal, had been notified of the order to kill the horse, thus depriving them of the right allowed them by law to appeal to the superior board of health; and that the horses were worth $600, the plaintiff having suffered additional damages estimated at $400.

The defendants answered the complaint separately, and the hearing having been had, the district court, after considering the allegations and the evidence of both parties, held that the law and the facts were in favor of the defendants and, consequently, dismissed the complaint, with the costs against the plaintiff. This appeal was taken from said judgment.

Since July 1, 1907, there has been in force in Porto Rico an act to prevent contagious diseases among animals. Said act is full and clear and its provisions apply strictly to this case.

The evidence heard does not in our judgment fully sustain the allegation of the plaintiff. In our opinion it has not been proved that the defendant, Vázquez, had acted in an illegal and negligent manner. He confined his action, relying on the report of the veterinarian and with the promptness required

in such cases, to ordering that the horse of the plaintiff, which was suffering from glanders, should be killed, in compliance with the duties which the said act imposed upon him.

Furthermore, the plaintiff could have appealed from the order of Superintendent Vázquez to the superior board of health, and he did not do so. It appears quite clearly·that the defendant, Fernández, verbally notified the possessor of the horse and the brother of the plaintiff, Juan Torruella, whom he in good faith considered the owner, that the horse was to be killed.

The act does not require any special form of notice and a well understood verbal notice may be considered sufficient.

With regard to the defendant, Fernández, the evidence shows that he did not proceed with the proper care and did not follow all the scientific rules for the application of the Mallein test, but the evidence with respect to the fact of whether or not the horse killed was affected with glanders and whether or not the other horse died through the fault of the defendants and as a consequence of the test applied to it, is contradictory and was weighed by the court, as is to be deduced from its judgment, affirmatively in the former case and negatively in the latter, and as it has not been established that in so finding thereon the court was prompted by passion, prejudice or partiality, we have no right to reverse its judgment. (See the decisions of this Supreme Court in the following cases: *Román* v. *American R. R. Co.* [10 P. R. Rep., 52], decided Jan. 29, 1906; *Morales* v. *Central Machete* [9 P. R. Rep., 117], decided June 19, 1905; ·*Estate of Iglesias* v. *Bolívar* [11 P. R. Rep., 422], decided Dec. 12, 1906; *Auffant* v. *Serra et al.* [14 P. R. Rep., 39], decided Feb. 5, 1908; *Andino* v. *Cepeda* [15 P. R. Rep., 464], decided June 22, 1909; *Quevedo* v. *Pino* [15 P. R. Rep., 669], decided Nov. 16, 1909; *Morales et al.* v. *Landrau* [15 P. R. Rep., 761], decided Dec. 18, 1909; *Irizarry* v. *Trujillo,* Feb. 8, 1910; *Betancourt* v. *Lamas y Méndez,* April 29, 1910.)

With regard to the only exception which appears to have been taken and noted during the hearing of the plaintiff, we will say that the decision of the court in permitting the defendant, Fernández, to answer the question of whether or not he had notified Juan Torruella that the horse was going to be killed, is just, because we have already stated that Fernández believed in good faith that Juan Torruella was the owner; but even though the decision were wrong, the judgment appealed from would not be reversed on this account, because it would be sufficient to show, as was shown, that the defendant, Fernández, had notified the possessor, to consider the provisions of the law to have been complied with.

The appeal should be dismissed and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.

Mr. Justice Figueras did not take part in the decision of this case.